MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANDREW M. McNEELA
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2741
Facsimile: (212) 637-2750
E-mail: andrew.mcneela@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TIMOTHY BEASLEY, an infant by his mother and natural guardian Sheila Beasley,

     Plaintiff,

  - v.-

UNITED STATES OF AMERICA (U.S. Department of Health and Human Services, Morris Heights Health Center),

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ECF

07 Civ. 11154 (RJS)

<u>ANSWER TO COMPLAINT</u>

  Defendant, United States of America ("Defendant"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answers the complaint upon information and belief as follows[1]:

  1.  The allegations in paragraph 1 of the complaint are statements of jurisdiction and conclusions of law, to which no response is required. To the extent a response is required, denies the allegation, except admits that plaintiff seeks to invoke this Court's jurisdiction under the

---

[1] Because the United States is the only proper defendant in an action, such as this one, brought pursuant to the Federal Tort Claims Act, <u>see</u> 28 U.S.C. § 2679(b)(1), it is the only party answering the complaint.

Federal Tort Claims Act.

2. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the complaint, except admits that plaintiff's date of birth is February 2, 1990, that Shelia Beasley purports to bring this action on behalf of plaintiff, and that venue is proper in the Southern District of New York.

3. Denies the allegations of the first sentence of paragraph 3 of the complaint, except admits that Morris Heights Health Center, Inc., was deemed an employee of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g). The allegations of the second and third sentences of paragraph 3 of the complaint are conclusions of law to which no response is required; to the extent a response is required, denies knowledge or information sufficient to form a belief as to the allegations.

4. The allegations of paragraph 4 of the complaint are conclusions of law to which no response is required. To the extent a response is required, denies the allegations of the paragraph 4 of the complaint.

5. Denies the allegations of paragraph 5 of the complaint.

6. The allegations of paragraph 6 of the complaint are conclusions of law to which no response is required. To the extent a response is required, denies the allegations of paragraph 6 of the complaint.

7. The allegations of paragraph 7 of the complaint are conclusions of law to which no response is required. To the extent a response is required, denies the allegations of paragraph 7 of the complaint.

8. Denies the allegations of the eighth paragraph of the complaint, except admits that

an administrative tort claim was filed on Timothy Beasley's behalf on December 11, 2006, which the agency denied on July 12, 2007.

9.  The allegations in the unnumbered paragraph beginning "Wherefore" constitute plaintiffs' prayer for relief to which no response is required. To the extent a response is required, denies the allegations.

## DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Neither the Defendant United States nor any of its agents or employees were negligent in any manner or violated any duty of care.

### THIRD DEFENSE

Defendant United States was not the cause in fact or the proximate cause of any injury sustained by plaintiffs.

### FOURTH DEFENSE

In the event the United States is found to be negligent, which negligence the United States denies, the negligence or other culpable conduct of plaintiffs contributed to causing plaintiffs' injuries, and any recovery must be proportionately reduced. See N.Y. C.P.L.R. 1411.

### FIFTH DEFENSE

Plaintiffs' damages, if any, were due in whole or in part to the negligence or other acts of others, known or unknown, over whom the defendant United States of America exercised no

control.

SIXTH DEFENSE

Plaintiffs' recovery, if any, in this action is limited to the amount stated in plaintiffs' administrative claim.

SEVENTH DEFENSE

Plaintiffs' recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. C.P.L.R. 4545(c).

EIGHTH DEFENSE

Plaintiffs' recovery, if any, is limited by N.Y. C.P.L.R. 1601(1).

NINTH DEFENSE.

The United States is not liable for interest prior to judgment or for punitive or special damages. See 28 U.S.C. § 2674.

TENTH DEFENSE

Plaintiffs are not entitled to a jury trial under the Federal Tort Claims Act. See 28 U.S.C. § 2402.

WHEREFORE, the Government, by its attorney, prays that judgment be entered dismissing the complaint, and granting such further relief as this Court deems just, including costs and disbursements.

Dated:    New York, New York
        April 22, 2008

                                              Respectfully submitted,

                                              MICHAEL J. GARCIA
                                              United States Attorney for the
                                              Southern District of New York
                                              Attorney for Defendant the United States
                                              of America

                                 By:    /s/ Andrew M. McNeela
                                              ANDREW M. McNEELA
                                              Assistant United States Attorney
                                              Telephone: (212) 637-2741
                                              Fax: (212) 637-2786